UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSHUA K. SANDER,

    Plaintiff,

vs.

SHERIFF DAVE DUCHAK, *et al.*,

    Defendants.

Case No. 3:18-cv-102

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS (DOC. 11) BE GRANTED IN PART AND DENIED IN PART**

\*\*\*

**ORDER AND ENTRY WITHDRAWING THE JUNE 22, 2018 ORDER TO SHOW CAUSE (DOC. 13)**

---

This is a *pro se* civil rights case in which Plaintiff Joshua K. Sander asserts claims under 42 U.S.C. § 1983 against a number of Defendants arising out of his incarceration at the Miami County, Ohio Jail ("the Jail"). Presently before the Court is Defendants' motion to dismiss Sander's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Doc. 11. Defendants also filed a reply memorandum in support of their motion. Doc. 12.

Sander represents that he prepared and mailed a memorandum in opposition to Defendants' motion; however, said memorandum was never received by the Court. *See* doc. 16 at PageID 113. Because the Court was not in receipt of Sander's opposition memorandum, the undersigned issued an Order to Show Cause (doc. 13), to which Sander appropriately responded and, therein, set forth his opposition to Defendants' motion. *See* doc. 16. Accordingly, the Court's Show Cause Order

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

is hereby **VACATED**. The undersigned has carefully considered all of the foregoing, and Defendants' motion is now ripe for decision.

## I.

The facts herein include the allegations pled by Sander viewed in the light most favorable to him. *See infra*.

On November 9, 2017, and through at least the filing of the complaint in this case on April 4, 2018, Sander was an inmate at the Jail. Doc. 4 at PageID 46-48. On November 9th, Defendants Rob Davey and Tom Sedam -- both of whom are corrections officers at the Jail -- forcibly removed Sander from his cell, tackled him to the ground, "vice gripped" his legs, stood on this throat applying extreme pressure, choked him until he almost passed out, and forcibly pried his thumb backwards until it dislocated. Doc. 48-49. According to Sander, such force was used on him because he had a glass of Kool-Aid. *Id*. Sander alleges that the force used by Davey and Sedam was excessive and violated his rights under, *inter alia*, the Eighth Amendment. *Id*.

Sander was, thereafter, treated for injuries at Upper Valley Medical Center and incurred $250.00 in medical bills as a result. *Id*. at PageID 52. Those medical expenses were charged to Sander's inmate account, preventing him from being able to make purchases at the Jail commissary, including pre-paid calling cards. *Id*. at PageID 52. Because Sander was unable to purchase pre-paid calling cards, and because the Jail maintains a policy of prohibiting "free" phone calls, Sander alleges that he was deprived of his right to obtain counsel of his choosing to represent him in criminal proceedings, as well as seek the assistance of counsel with regard to this civil case. *Id*. at PageID 51.

Sander further alleges that he submitted grievances to the Jail which were ignored by Defendants Marion and Norman, both of whom are administrators at the Jail. *Id*. at PageID 49-50. Sander contends that the actions of Marion and Norman in this regard violated, *inter alia*, his

right to petition the government for redress of grievances and his right to access the court to commence a civil suit. *Id*.

Finally, Sander alleges that the Jail is overcrowded and, as a result, the Jail is unsafe and hazardous. *Id*. at PageID 50. Sander contends that there are numerous fights, assaults and other violence in the Jail, and that overcrowding has led to a breakdown in mental health treatment at the Jail. *Id*. at PageID 50-51. (Sander does not allege that he receives mental health treatment at the Jail or that he otherwise requires mental health treatment. *Id*. Instead, Sander contends that a recent suicide by another inmate at the Jail demonstrates the degree to which there is a breakdown in mental health treatment within the Jail. *Id*.)

## II.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555).

In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[,]" *id*., and "must be specific enough to justify 'drag[ging] a defendant

past the pleading threshold.'" *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

### III.

In his *pro se* complaint, Sander alleges the following claims: (1) excessive force; (2) a violation of his rights to seek redress of his grievances at the Jail; (3) cruel and unusual punishment arising from overcrowding at the Jail; and (4) denial of his rights to access the courts and obtain counsel arising from a policy of denying free phone calls to inmates. *See* doc. 4. Defendants move to dismiss each of these claims, which the undersigned will address in turn.

## A.     Excessive Force

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). "In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct." *Id*.

"The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that 'arise[ ] in the context of an arrest or investigatory stop of a free citizen,' while the Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences." *Aldini*, 609 F.3d at 864 (citations omitted). "When neither the Fourth nor the Eighth Amendment serves to protect citizens, courts have applied the Fourteenth Amendment." *Id*. (citing *Lanman v. Hinson*, 529 F.3d 673, 680-81 (6th Cir. 2008)). "[W]hich amendment applies depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted prisoner, or something in between." *Id*. at 865 (citing *Gravely v. Madden*, 142 F.3d 345, 348-49 (6th Cir. 1998)).

In this case, it is not entirely clear whether Sander was a convicted prisoner or a pretrial detainee at the time of the allegedly excessive use of force. However, because Defendants analyze Sander's excessive force claim under the Eighth Amendment, *see* doc. 11 at PageID 97, the undersigned assumes, for purposes of deciding Defendants' motion, that Sander was a convicted prisoner on November 9, 2017 and, therefore, the Court analyzes Sander's claim under the Eighth Amendment.

The question before the Court in cases involving allegations of excessive force under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore

5

discipline, or maliciously and sadistically to cause harm." *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "Such a claim has both an objective and a subjective component." *Griffin v. Hardrick*, 604 F.3d 949, 954 (6th Cir. 2010) "The objective component requires that the pain be serious[,]" whereas "[t]he subjective component requires that the offending, non-penal conduct be wanton." *Id*.

Here, Defendants argue that the grievances attached to Sander's complaint show he suffered no serious injury and that he was refusing orders, refusing to leave his pod, and fought with prison staff. Doc. 11 at PageID 98; *see also* doc. 4 at PageID 62. These statements attached to Sander's complaint, however, are statements made by staff at the Jail, not Sander, in response to his inmate grievances. Doc. 4 at PageID 62. Defendants, in making such arguments in their motion to dismiss suggest that, because Sander attached these documents to his complaint, the Court must consider as true all statements made in those documents. *Id.*

Any such argument, however, is unavailing because, as held by the Sixth Circuit, "treating [attachments] as part of a pleading does not mean that [courts are to] assume everything [stated in an attachment to a pleading] is true." *Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008). Instead:

> [w]here a plaintiff attaches to the complaint a document containing unilateral statements made by a defendant, where a conflict exists between those statements and the plaintiff's allegations in the complaint, and where the attached document does not itself form the basis for the allegations, Rule 10(c) "does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact."

*Id*. (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449 (7th Cir. 1998)). "Rather than accepting as true 'every word in a unilateral writing by a defendant and attached by a plaintiff to a complaint,' a court must consider such factors as, 'why a plaintiff attached the documents, who authored the documents, and the reliability of the documents.'" *Core v.*

6

*Champaign Cnty. Bd. of Cnty. Comm'rs*, No. 3:11-cv-166, 2012 WL 3073418, at *3 (S.D. Ohio July 30, 2012) (citations omitted).

Considering the foregoing, in deciding Defendants' motion to dismiss, the undersigned declines to accept as true the assertions set forth by Jail staff in response to Sander's grievances. Instead, for purposes of deciding Defendants' motion, the Court accepts as true Sander's allegations that Officers Davey and Sedam tackled him, stepped on his throat, choked him to near unconsciousness, and dislocated his thumb all because he had a cup of Kool-Aid. Assuming -- only for purposes of deciding Defendants' motion -- that such allegations are true, the undersigned finds that Sander sufficiently states an excessive force cause of action against Defendants Davey and Sedam. Accordingly, Defendants' motion should be **DENIED** in this regard with regard to Sander's excessive force claims against Davey and Sedam.

### B. Grievance Procedure and Access to the Courts

Sander also claims that Defendants Marion and Norman have "repeatedly refused to respond or answer [his] grievances" and that that such conduct hindered his ability to file this civil lawsuit "sooner." *Id*. at PageID 50. Sander makes no allegation that any delay in this regard resulted in him missing a filing deadline.

Having filed this action within only a few months after his alleged constitutional injury -- and absent an allegation that Defendants' conduct did or may result in jeopardizing a non-frivolous claim -- the undersigned finds Sander fails to state a claim for a deprivation of his rights to access the courts. *Cf. Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that, to prevail on a claim alleging the denial of access to the courts, one must show an actual injury, such "as the late filing of a court document or the dismissal of an otherwise meritorious claim"). The undersigned also notes that Sander's grievances attached to the complaint show that responses were provided to those grievances within a matter of days. *See* doc. 4 at PageID 56, 58, 60, 62,

64, 66. Accordingly, Defendants' motion should be **GRANTED** in this regard, and Sander's claims to this extent be **DISMISSED**. Sander may, however, move for leave to file an amended complaint if there are additional facts he could plead in support of this claim.

### C. Absence of Free Phone Calls

Sander next alleges that a Jail policy[2] prohibiting free phone calls for inmates upon their arrest and thereafter violates his rights to access to the courts and to counsel of his choice. Doc. 4 at PageID 51. In a separate case, this Court recently concluded that a plaintiff "stated a plausible claim that the Miami County Jail's policy of not providing pretrial detainees with the ability to make free, direct phone calls during the booking process impermissibly burdens [a detainee's] fundamental rights to counsel of his choice and to reasonable bail" as well as "has a discriminatory effect on indigent pretrial detainees." *Marcum v. Duchak*, No. 3:17-CV-437, 2018 WL 4182013, at *8 (S.D. Ohio Aug. 31, 2018). Based on such authority, Defendants' motion to dismiss should be **DENIED** with regard to Sander's claims in this regard.

### D. Jail Overcrowding

Sander also alleges that there is extreme overcrowding at the Jail resulting in an unsafe and hazardous environment "to the point that there are numorous [sic] physical altercations, assaults and rapid acts of violence" as well as decreased mental healthcare that allegedly led to the suicide of another inmate. Doc. 4 at PageID 50-51. "Without question, [p]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable

---

[2] Local governments -- such as municipalities, counties or townships -- are considered persons under § 1983, and "may be sued for constitutional deprivations." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, such entities cannot be held liable for the acts of its officials on a *respondeat superior* theory. *Id.* at 693. Instead, an official policy or custom must be the "moving force" behind the alleged constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To demonstrate *Monell* liability, one must: (1) identify the policy or custom; (2) connect the policy to the governmental entity; and (3) show a particular injury of a constitutional magnitude incurred because of that policy's execution. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (internal citations omitted).

measures to guarantee the safety of the inmates." *Agramonte v. Shartle*, 491 F. App'x 557, 559 (6th Cir. 2012) (internal quotations omitted). However, "[h]arsh and uncomfortable prison conditions do not automatically create an Eighth Amendment violation[.]" *Id*. at 560. Harsh jail conditions "do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities[.]" *Id*. at 559.

Here, Sander sets forth no allegation "that any of the potential dangers he identified actually caused him any harm." *Halliburton v. Sunquist*, 59 F. App'x 781, 782 (6th Cir. 2003). Insofar as Sander alleges inadequate mental health care, he does not allege that he requires mental health treatment or, even if he does, that any Defendant "failed to treat him." *Id*. at 783. Thus, Sander's standing in this regard is questionable. Based on the foregoing, Sander's allegations of overcrowding fail to state a claim under the Eighth Amendment and, therefore, Defendants' motion to dismiss should be **GRANTED** in this regard. Again, Sander may move for leave to file an amended complaint in this regard if there are additional facts he could plead in support of such claims.

## IV.

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (doc. 11) be **GRANTED IN PART** and **DENIED IN PART**. Should this Report and Recommendation be adopted, Sander's claims regarding excessive force and the Jail's telephone policy would remain pending (Counts I and IV of the complaint), whereas Sander's remaining claims regarding Defendants' grievance procedure and Jail overcrowding (Counts II and III) would be dismissed.

Date:  September 17, 2018              s/ Michael J. Newman  
                                                                                Michael J. Newman  
                                                                              United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).