IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSHUA K. SANDER,

    Plaintiff,

v.

SHERIFF DAVE DUCHAK, *et al.*,

    Defendants.

Case No. 3:18-cv-102

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING IN PART AND OVERRULING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #17); SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS THERETO (DOC. #18); SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DOC. #11); PLAINTIFF MAY SEEK LEAVE TO AMEND COMPLAINT WITHIN 14 DAYS, SUBJECT TO THE STRICTURES OF FED. R. CIV. P. 11(b)

---

On September 17, 2018, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations, Doc. #17, recommending that Defendants' Motion to Dismiss, Doc. #11, be sustained in part and overruled in part. More specifically, he recommended that the Court dismiss: (1) Plaintiff's claims concerning Defendants' alleged failure to respond to his grievances; and (2) Plaintiff's claim concerning overcrowding and other deficiencies at the Miami County Jail. Magistrate Judge Newman recommended that the Court overrule the motion to dismiss with respect to: (1) Plaintiff's claim of use of excessive force;

and (2) Plaintiff's claim that the jail's phone policy deprived him of his constitutional rights.

Defendants filed timely Objections, Doc. #18, to Magistrate Judge Newman's recommendation that the Court overrule the motion in part. Plaintiff has not filed any Objections. Pursuant to Fed. R. Civ. P. 72(b), the Court must review *de novo* those parts of the Report and Recommendations to which proper Objections have been filed.

A.

In Count I of his Complaint, Plaintiff alleges that after he took a glass of Kool-Aid back to his unit in violation of jail rules, Rob Davey and Tom Sedam, corrections officers at the Miami County Jail, forcibly removed him from the unit, tackled him, vice-gripped his legs, stood on his throat and applied so much pressure that he almost lost consciousness. They handcuffed him and then forcibly dislocated his thumb, requiring him to seek medical care. Plaintiff alleges that the officers' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. He seeks relief under 42 U.S.C. § 1983.

Citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986), Defendants argue dismissal of this claim is warranted because the force at issue was "applied in a good faith effort to maintain or restore discipline" and not "maliciously and sadistically for the very purpose of causing harm." Factors to be considered in assessing this claim include "the need for the application of force, the relationship

between the need and the amount of force that was used, [and] the extent of injury inflicted." *Id.* at 321. Other factors include "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Id.*

Accepting Plaintiff's allegations as true, Magistrate Judge Newman found that Plaintiff had stated a plausible Eighth Amendment violation. In their Objections, Defendants maintain that Magistrate Judge Newman failed to give proper deference to the officers' decision to use force to "preserve internal order and discipline and maintain institutional security." *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002).

The Court OVERRULES Defendants' Objection. Although the corrections officers' decisions are entitled to a certain level of deference, such deference does not completely insulate them from Eighth Amendment claims. Plaintiff, a sentenced inmate, has alleged that, because he stole a glass of Kool-Aid, the corrections officers tackled him, choked him, and forcibly dislocated his thumb after he was handcuffed. Accepting these allegations as true, and taking the *Whitley* factors into account, the Court agrees that these facts give rise to a plausible Eighth Amendment violation. Based on the facts alleged, it could be found that the officers inflicted pain maliciously and sadistically for the very purpose of causing harm. Accordingly, dismissal of Count I is not warranted.

B.

In Count IV of his Complaint, Plaintiff alleges that the Miami County Jail's policy of refusing to provide indigent inmates with free phone calls impermissibly burdened his right to obtain counsel of choice in his criminal proceedings and in this civil suit. He claims that he has no funds available to purchase a pre-paid calling card, and the attorneys that he attempted to contact have all refused to accept his collect calls. He alleges that Defendants' policy violates his First, Sixth and Fourteenth Amendment rights and Ohio Revised Code §§2935.14 and 2935.20.

Citing this Court's recent decision in *Marcum v. Duchak*, No. 3:17-cv-437, 2018 WL 4182013, at *8 (S.D. Ohio Aug. 31, 2018), Magistrate Judge Newman found that Plaintiff had stated a plausible constitutional violation. Ted Marcum had alleged that the Miami County Jail's telephone policy impaired his ability to contact an attorney to represent him in his criminal proceedings. Although a public defender was appointed, he failed to appear at the preliminary hearing. Marcum then waived his right to counsel and pled "no contest" to charges of attempted breaking and entering. He alleged, however, that he would not have agreed to do so had he been able to contact counsel of his choice. *Id.* at *8. The undersigned denied Defendants' motion to dismiss this claim. The Court held that application of the phone policy could be found to burden the fundamental right of indigent pretrial detainees to contact an attorney immediately following their arrest. It

could also be found to have a discriminatory effect on indigent pretrial detainees. *Id.* at **7-8.

In their Objections, Defendants argue that *Marcum* is factually distinguishable because Marcum was a pretrial detainee, whereas Plaintiff is a convicted inmate. It is not clear, however, whether Plaintiff was a pretrial detainee at the time he tried to contact an attorney to represent him in the criminal proceedings.

Defendants further argue that, as an indigent inmate, Plaintiff has no constitutional right to counsel of his choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (recognizing that a defendant "who does not require appointed counsel" has the right to choose who will represent him). This, however, is not fatal to Plaintiff's claim. Even if Plaintiff could not afford to hire an attorney, the Sixth Amendment also encompasses the right of a criminal defendant to be represented by an attorney "who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624–625 (1989). Accordingly, the jail's telephone policy could be found to impermissibly burden the right of an indigent inmate to contact an attorney who might be willing to represent him pro bono.

The Court agrees with Defendants, however, that *Marcum* is materially distinguishable from this case in one important respect. Plaintiff in this case has not alleged that he was unrepresented by counsel in his criminal proceedings, or that his inability to contact an attorney of his own choosing in any way affected

the outcome of his criminal proceedings. Accordingly, unlike Marcum, he has alleged no constitutional injury stemming from application of the jail's telephone policy. On this basis only, the Court SUSTAINS Defendants' Objections to Magistrate Judge Newman's Report and Recommendations on this portion of Plaintiff's claim.

With respect to Plaintiff's claim that the jail policy impermissibly burdened his ability to contact an attorney to represent him in this *civil* litigation, Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted. Defendants note that, barring exceptional circumstances, there is no constitutional right to counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Although Magistrate Judge Newman did not address this aspect of Plaintiff's claim, the Court agrees with Defendants on this point. Accordingly, the Court SUSTAINS Defendants' motion to dismiss this portion of Plaintiff's claim.

Likewise, although not addressed by Magistrate Judge Newman in the Report and Recommendations, the Court agrees with Defendants that Plaintiff's allegations do not give rise to a violation of Ohio Revised Code §§ 2935.14 or 2935.20, neither of which requires the jail to provide free phone calls.

As currently pled, Count IV of the Complaint fails to state a claim upon which relief may be granted.

C.

For the reasons stated above, the Court ADOPTS IN PART and REJECTS IN PART Magistrate Judge Newman's Report and Recommendations, Doc. #17, and

OVERRULES IN PART and SUSTAINS IN PART Defendants' Objections thereto, Doc. #18. Defendants' Motion to Dismiss, Doc. #11, is SUSTAINED IN PART and OVERRULED IN PART.

Counts II, III and IV of the Complaint are DISMISSED WITHOUT PREJUDICE. Should Plaintiff have additional facts that he could plead in support of any of those claims, he may seek leave to file an Amended Complaint within 14 days of the date of this Decision and Entry, subject to the strictures of Fed. R. Civ. P. 11(b).

Count I of Complaint, which the Court construes as a 42 U.S.C. § 1983 claim against Defendant Officers Rob Davey and Tom Sedam, in their individual capacities only, remains viable.

Date: October 18, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE