UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSHUA SANDER,

    Plaintiff,

vs.

SHERIFF DAVE DUCHAK, *et al.*,

    Defendants.

Case No. 3:18-cv-102

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

## REPORT AND RECOMMENDATION[1] THAT THIS CASE BE: (1) DISMISSED FOR FAILURE TO PROSECUTE; AND (2) TERMINATED ON THE COURT'S DOCKET
_____

This is a civil rights case in which *pro se* Plaintiff Joshua K. Sander asserts claims under 42 U.S.C. § 1983 against a number of Defendants arising from alleged acts and/or omissions by Defendants during his incarceration at the Miami County, Ohio Jail ("the Jail"). Recent attempts to serve Plaintiff with Court Orders were returned to the Court as undeliverable. See doc. 23, 25. Having previously advised the parties of their obligation to keep the Court apprised of any changes to their contact information, the undersigned, on July 23, 2019, ordered Plaintiff to update his contact information within 7 days and to show cause as to why this case should not be dismissed for failure to prosecute. Doc. 24. Plaintiff has neither updated his contact information nor shown cause as ordered. As a result of Plaintiff's failures to comply with Court Orders, the undersigned **RECOMMENDS** that this case be: (1) **DISMISSED** for failure to prosecute under Fed. R. Civ. P. 41(b); and (2) **TERMINATED** on the Court's docket.

Date:   August 26, 2019                      s/ Michael J. Newman
                                                                                Michael J. Newman
                                                                                United States Magistrate Judge

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).